IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COLDWATER CREEK, INC., | ) | Cause No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06-cv-0818-DFH-TAB |
| | ) | |
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF
AND DEMAND FOR JURY TRIAL**

The plaintiff, Coldwater Creek, Inc. ("Coldwater") complains and alleges against the defendant, Charles E. Hill & Associates, Inc. ("Hill"), as follows.

**INTRODUCTION**

1. By its complaint, the plaintiff, Coldwater Creek, Inc. ("Coldwater Creek"), seeks a declaration that it has not infringed U.S. Patent Nos. 5,528,490, 5,761,649 and 6,029,142 (collectively "the patents in suit," and individually, " the '490 patent," "the '649 patent" and "the '142 patent," respectively) and that the patents in suit are invalid.

**PARTIES**

2. Coldwater Creek is a Delaware corporation with a principal place of business at Sandpoint, Idaho.

3. On information and belief, Hill is a Delaware corporation with a principal place of business in Indianapolis, Indiana.

## JURISDICTION

4. Coldwater Creek's claims arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, and thus this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338.

## THE PATENTS

5. The United States Patent and Trademark Office issued the '490 patent on June 18, 1996. On information and belief, Hill claims to be the current owner of all rights, interest, and title in the '490 patent.

6. The United States Patent and Trademark Office issued the '649 patent on June 2, 1998. On information and belief, Hill claims to be the current owner of all rights, interest, and title in the '649 patent.

7. The United States Patent and Trademark Office issued the '142 patent on February 22, 2000. On information and belief, Hill claims to be the current owner of all rights, interest and title in the '142 patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

8. On May 5, 2006, Hill's counsel sent a cease and desist letter to Coldwater Creek asserting that Coldwater Creek's e–commerce web site infringed the patents in suit.

9. Coldwater Creek disputes the validity of the patents in suit and denies that it has infringed them or induced or contributed to their infringement.

10. There is a substantial and actual controversy between Coldwater Creek and Hill over whether Coldwater Creek infringes the patents in suit and whether the patents in suit are valid.

11. The false allegations of infringement relating to the invalid patents in suit place a cloud over Coldwater Creek's e-commerce business.

12. There exists a clear and serious threat to Coldwater Creek's business so long as the issues regarding the patents in suit remain unresolved. Coldwater Creek therefore needs and seeks resolution of the issues asserted in this complaint to lift the cloud over Coldwater Creek's business. On those bases, Coldwater Creek is entitled to declaratory relief.

## FIRST CLAIM FOR RELIEF

### [Declaration of Non-Infringement of the '490 Patent]

13. Coldwater Creek repeats the allegations of the preceding paragraphs as if fully set forth in this paragraph.

14. Hill has alleged, and now alleges, that Coldwater Creek has been and is still making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '490 patent.

15. Hill has alleged, and now alleges, that Coldwater Creek has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement. Hill also contends that such alleged infringement is willful and deliberate, and that irreparable injury has been caused to Hill.

16. Coldwater Creek denies the allegations of Hill identified in the preceding paragraphs.

17. Coldwater Creek has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '490 patent, either literally or under the doctrine of equivalents, nor has or is Coldwater Creek actively inducing or contributing to the infringement of the '490 patent. As such, Coldwater Creek has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

18. Coldwater Creek desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a

determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability, and invalidity of the '490 patent.

## SECOND CLAIM FOR RELIEF

### [Declaration of Non-Infringement of the '649 Patent]

19. Coldwater Creek repeats the allegations of the preceding paragraphs as if fully set forth in this paragraph.

20. Hill has alleged, and now alleges, that Coldwater Creek has been and is still making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '649 patent.

21. Hill has alleged, and now alleges, that Coldwater Creek has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement. Hill also contends that such alleged infringement is willful and deliberate, and that irreparable injury has been caused to Hill.

22. Coldwater Creek denies the allegations of Hill identified in the preceding paragraphs.

23. Coldwater Creek has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '649 patent, either literally or under the doctrine of equivalents, nor has or is Coldwater Creek actively inducing or contributing to the infringement of the '649 patent. As such, Coldwater Creek has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

24. Coldwater Creek desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement, unenforceability, and invalidity of the '649 patent.

### THIRD CLAIM FOR RELIEF

### [Declaration of Non-Infringement of the '142 Patent]

25. Coldwater Creek repeats the allegations of the preceding paragraphs as if fully set forth in this paragraph.

26. Hill has alleged, and now alleges, that Coldwater Creek has been and is still making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '142 patent.

27. Hill has alleged, and now alleges, that Coldwater Creek has committed, actively induced, and contributed to, and continues to commit, actively induce, and contribute to, acts of patent infringement. Hill also contends that such alleged infringement is willful and deliberate, and that irreparable injury has been caused to Hill.

28. Coldwater Creek denies the allegations of Hill identified in the preceding paragraphs.

29. Coldwater Creek has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '142 patent, either literally or under the doctrine of equivalents, nor has or is Coldwater Creek actively inducing or contributing to the infringement of the '142 patent. As such, Coldwater Creek has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

30. Coldwater Creek desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement, unenforceability, and invalidity of the '142 patent.

## FOURTH CLAIM FOR RELIEF

### [Declaration of Invalidity and Unenforceability of the '490 Patent]

31. Coldwater Creek repeats the allegations of the preceding paragraphs as if fully set forth in this paragraph.

32. On information and belief, the subject matters of each and all of the patents in suit do not meet the requirements of 35 U.S.C. § 101, and the patents in suit are each and all invalid, void, and unenforceable because they fail to meet the conditions specified in 35 U.S.C. § 101, *et seq.*

33. On information and belief, the claims of each and all of the patents in suit are invalid and unenforceable because they fail to meet the conditions of patentability set forth in 35 U.S.C. § 102.

34. On information and belief, the claims of each and all of the patents in suit are invalid and unenforceable because they fail to meet the conditions of patentability set forth in 35 U.S.C. § 112.

35. On information and belief, any claim for damages that Hill might make for infringement of each and all of the patents in suit is limited by 35 U.S.C. §§ 286 and 287.

36. On information and belief, Hill's claims of infringement of each and all of the patents in suit are barred, in whole or in part, by the equitable doctrine of laches.

37. On information and belief, Hill's claims of infringement of each and all of the patents in suit are barred, in whole or in part, by the equitable doctrine of waiver.

38. For the reasons set forth in the preceding paragraphs, each and all of the patents in suit are invalid and unenforceable.

39.     Based on the foregoing, Coldwater Creek is entitled to a judgment that the each and all of the patents in suit are invalid and unenforceable against Coldwater Creek.

## JURY DEMAND

Coldwater Creek demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Coldwater Creek requests that the Court enter judgment:

    A.    Declaring that Coldwater Creek has not infringed any of the patents in suit;

    B.    Declaring each and all of the patents in suit invalid and unenforceable;

    C.    Awarding Coldwater Creek its costs, disbursements, and attorneys' fees pursuant to 35 U.S.C. § 285, and other provisions of law; and

    D.    Granting Coldwater Creek such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 22, 2006

By: _____
James Dimos, #11178-49
jdimos@locke.com
Joel E. Tragesser, #21414-29
jtragesser@locke.com
LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN 46244
(317) 237–3800  Fax: (317) 237–3900

Peter J. Brann
pbrann@brannlaw.com
(seeking *pro hac vice* admission)
David Swetnam–Burland
dsb@brannlaw.com
(seeking *pro hac vice* admission)
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566  Fax: (207) 783–9325

Attorneys for Plaintiff Coldwater Creek, Inc.

777947_1